IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                    Plaintiff,

        v.

JOLINDA J. WATERMAN,

                  Defendant.

ORDER

13-cv-742-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                    Plaintiff,

        v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                  Defendants.

ORDER

14-cv-399-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Tommie Carter is proceeding on several claims in these cases about his conditions of confinement.  Plaintiff has filed a letter in both cases in which he complains about two things.  First, plaintiff says that staff in the health services unit are "destroy[ing]" and "removing" medical records from his file in order to "sabotage" his lawsuits.  Second,

1

plaintiff says that prison officials are not giving him enough time to review his medical records.  In particular, he says that he is allowed to review the records for 30 minutes once every six months, which is not enough time to find the documents he needs.  He asks for "an investigation in this matter" and for an order allowing him two and a half hours to review his medical file, "including the documents HSU staff claim to have destroyed/lost."

In their response, defendants deny that any prison staff are tampering with plaintiff's medical records.  In addition, they submitted a declaration from the health services unit manager, who averred that prisoners are allowed to review their medical files for 30 minutes once a month (not once every six months as plaintiff alleges).  The reason for the rule is that many prisoners ask to review their medical records and the time limit allows all prisoners an opportunity to see what they need.  Further, if a prisoner needs more time because of an upcoming court deadline, he is permitted to review the file more frequently.  Schrubbe Dec. ¶¶ 8-12, dkt. #23 (case no. 13-cv-742-bbc).  Plaintiff does not dispute any of those facts in his reply brief.

I conclude that plaintiff is not entitled to any relief at this time.  With respect to the alleged tampering with his medical records, he does not provide any support for that allegation.  In particular, he does not identify what records he believes are missing, why he believes this or who he believes is responsible.

With respect to the amount of time he has to view his medical records, plaintiff gives no hint in his opening brief why he needs more time.  In his reply brief, he says that he has "at least 30,000 pages" of medical records and he includes a "note" that he has not received

a response to his request to review the records again.  However, he still does not identify any particular documents or even category of documents related to this case that he has been unable to review.  Even if I assume that plaintiff has not had an opportunity to review every relevant record, he has not shown that he needs any court assistance at this time.  These cases are still in their early stages and plaintiff does not have any court deadlines in the near future.  If plaintiff is unable to respond to a court deadline because he has not been able to review all the medical records he needs, he may renew his motion at that time, so long as he shows that he first tried to use the prison's procedure for requesting more frequent viewings and he identifies more specifically the documents he needs but has been unable to retrieve.

ORDER

IT IS ORDERED that plaintiff Tommie Carter's motion for court assistance, dkt. #20 (case no. 13-cv-742-bbc) and dkt. #24 (case no. 14-cv-399-bbc), is DENIED.

Entered this 25th day of February, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3