IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                Plaintiff,

    v.

JOLINDA J. WATERMAN,

                Defendant.

ORDER

13-cv-742-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                Plaintiff,

    v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                Defendants.

ORDER

14-cv-399-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Over the last few weeks, pro se prisoner Tommie Carter has filed numerous motions in these two cases about his conditions of confinement. With one exception, I am denying all of these motions, for the reasons explained below. (I am not addressing plaintiff's April

1

16, 2015 "motion for sanctions and investigation" in case no. 14-cv-399-bbc, dkt. #51, because the parties are still briefing that motion.)

OPINION

A.  Motions Related to Both Cases

1. Motion for reconsideration

In an order dated February 25, 2015, I denied a motion in which plaintiff was alleging that staff at the prison health services unit were "destroy[ing]" and "removing" medical records from his file in order to "sabotage" his lawsuits and that prison officials were not giving him enough time to review his medical records.  I noted that plaintiff did not provide any factual support for his conclusory allegation that staff were tampering with his records and he failed to explain why he needed more time to review his medical records.  In his motion for reconsideration, plaintiff still does not point to any evidence of tampering and he still has not shown that he needs more time to review his records.  If plaintiff is unable to meet a court deadline because he does not have enough time to review information he needs that is relevant to this case, he is free to request to assistance at that time.

2. March 2, 2015 "motion for sabotage and sanctions"

Plaintiff discusses three issues in this motion.  First, he says that a prison records custodian redacted documents related to this case that plaintiff sought as part of a request under the state open records law.  Second, plaintiff says that the custodian threatened to

withhold plaintiff's legal mail. Third, plaintiff sent medical records related to this case to the health services unit and staff have refused to return those documents.

Plaintiff does not explain how the incident reports he requested under the open records law are relevant to his claims, but even if I assume that they are relevant, his request falls outside the scope of this lawsuit. This court's authority to order the production of documents in discovery is governed by the Federal Rules of Civil Procedure. If plaintiff wishes to obtain documents from a nonparty, he must request a subpoena under Fed. R. Civ. P. 45, explaining why he needs the information he is seeking. If he believes that a prison official is violating the state open records law, he must seek relief in state court.

With respect to the alleged threat to interfere with his mail, plaintiff points to no evidence that he has been unable to send or receive any mail, so I need not give any further consideration to that issue.

With respect to the medical records, plaintiff does not explain why he did not keep copies of his records before he gave them to officials. However, he attaches a January 30, 2015 response to a health service request in which a nurse wrote that "the HSU has your documents that you sent for her to review which has not happened and she will return them." Dkt. #29-1. Although defendants acknowledge that response, they do not say whether plaintiff's documents have been returned to him yet. Accordingly, I will give them an opportunity to supplement their response to state whether plaintiff's documents have been returned and if not, why they have not been returned, what steps are being taken to return the documents and when plaintiff can expect his documents to be returned. In the

future, plaintiff should not send any important documents to someone else without keeping at least one copy for himself.

3. Request for mediation

Plaintiff says that he is frustrated with these cases for a number of reasons, so he is "requesting mediation with the defendants to resolve these two cases." Case no. 13-cv-742-bbc, dkt. #45; case no. 14-cv-399-bbc, dkt. #47. Three weeks later, plaintiff filed another similar request. Case no. 14-cv-399-bbc, dkt. #60. To the extent plaintiff is asking for permission to approach defendants about mediation, he does not need that permission from the court. The parties are free to engage in mediation at any time. To the extent plaintiff is asking the court to *require* defendants to engage in mediation, I am denying that request because this court has no procedures in place that require any party to engage in settlement discussions.

4. Motions for assistance in recruiting counsel

Plaintiff has filed multiple motions for assistance in recruiting counsel in both cases. Before a district court can consider a request for counsel, it must first find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied plaintiff's request for representation. Plaintiff

has not yet complied with that requirement in either of his cases.

Even if plaintiff had submitted three rejections letters, I would deny these motions. In deciding whether to assist a pro se litigant in recruiting counsel, the question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Neither of these cases is particularly complex; both involve single incidents over a short period of time. (One case is about failure to respond to a complaint of chest pain and the other case is about a use of force and failure to provide medical care for that use of force.) Neither case necessarily requires extensive discovery or expert knowledge. Further, plaintiff is more than capable of being his own advocate, as is demonstrated by the many motions that he has filed on his own behalf.

Plaintiff argues that he is housed in segregation, that he is often transferred, that he has limited education and that he has mental health concerns. Although plaintiff is correct that those factors may be relevant to a determination regarding counsel, plaintiff has not pointed to any evidence in these cases this his limitations are preventing him from litigating adequately. If later developments show that plaintiff is unable to represent himself, he is free to renew his motion at that time.

### B. Motions Related to Case No. 13-cv-742-bbc

The only motion devoted solely to case no. 13-cv-742-bbc is a motion to compel. In that motion, plaintiff says that defendant Jolinda Waterman is refusing to provide grievances that other prisoners have filed against her since 2011. Plaintiff did not provide the court a

copy of the discovery request at issue or defendant's response to it, but defendant provided those documents with her response. (If plaintiff files another motion to compel in these cases or any other, he should attach to his motion both his discovery request and defendant's response to it. If he fails to do that, I may deny his motion for failing to provide enough information.) The documents show that plaintiff's actual request was limited to grievances that *plaintiff* filed against defendant and that defendant did not simply object to the request. Rather, she provided several sets of grievances plaintiff filed (and the responses to those grievances) along with a complete history of the grievances plaintiff filed. Dkt. #34. In his reply brief, plaintiff moves the target, raising new issues about requests for prison policies and specific grievances that he requested as a follow up to his original discovery request. Because plaintiff abandoned his original argument in his reply brief and the issues he raises in his reply brief are outside the scope of his original motion, I am denying this motion.

### C.  Motions Related to Case No. 14-cv-399-bbc

1. March 25, 2015 "Motion for sabotage and an investigation"

In this motion, plaintiff alleges that various prison officials confiscated his legal documents in the context of a cell search. In response, defendants state that all documents confiscated during the cell search have been returned to plaintiff, with the exception of two documents that included "personally identifying medical information" of defendant Sandra Ashton. In his reply brief, plaintiff says that "there were more than two pages" taken from him, that some of the missing documents relate to "an intimate relationship" that plaintiff

6

says he had with defendant Ashton and that other documents would show that Ashton "fabricated her injuries." Dkt. #59.

Plaintiff does not explain how documents related to an alleged relationship with defendant Ashton are relevant to his claims, so that issue is outside the scope of this case. Documents showing that Ashton falsely accused plaintiff of harming her could be relevant to plaintiff's excessive force claim against Ashton, but plaintiff does not identify the missing document or documents with any specificity and he does not explain how the document or documents would show that Ashton lied. Thus, at this point, plaintiff has not provided enough information to suggest that he needs court assistance to retrieve evidence that is relevant to his claims.

2. Motion for sanctions

In this motion, plaintiff alleges that defendants failed to respond to some of his discovery requests within the 30-day deadline. In response, defendants say that they mailed plaintiff the responses within the deadline, but it may be that he did not receive the responses because of a prison transfer that occurred around the same time. In addition, defendants provide another copy of their discovery responses along with their brief. In his reply brief, plaintiff admits that he has the discovery responses now and he does not identify any prejudice that he suffered from any delay, so I am denying this motion as well.

ORDER

IT IS ORDERED that

1. Plaintiff Tommie Carter's motion for reconsideration, dkt. #28 (in case no. 13-cv-742-bbc) and dkt. #61 (in case no. 14-cv-399-bbc), is DENIED.

2. Plaintiff's March 2, 2015 "motion for sabotage and sanctions," dkt. #29 (in case no. 13-cv-742-bbc) and dkt. #33 (in case no. 14-cv-399-bbc), is DENIED except that defendants may have until May 14, 2015 to supplement their response to state whether plaintiff's documents have been returned and if not, why they have not been returned, what steps are being taken to return the documents and when plaintiff can expect his documents to be returned.  Plaintiff may have until May 25, 2015 to respond.

3. Plaintiff's "requests for mediation," dkt. #45 (in case no. 13-cv-742) and dkt. ## 47 and 60 (in case no. 14-cv-399-bbc), are DENIED.

4. Plaintiff's motions for assistance in recruiting counsel, dkt. ##27 and 38 (in case no. 13-cv-742-bbc) and dkt. ## 34 and 39 (in case no. 14-cv-399-bbc), are DENIED.

5. Plaintiff's motion to compel, dkt. #30 (in case no. 13-cv-742-bbc), is DENIED.

6. Plaintiff's March 25, 2015 "motion for sabotage and investigation," dkt. #38 (in case no. 14-cv-399-bbc), is DENIED.

7.  Plaintiff's April 1, 2015 "motion for sanctions," dkt. #42 (in case no. 13-cv-742-bbc), is DENIED.

Entered this 1st day of May, 2015.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge