IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                                  Plaintiff,

      v.

JOLINDA J. WATERMAN,

                                  Defendant.

ORDER

13-cv-742-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                                  Plaintiff,

      v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                                  Defendants.

ORDER

14-cv-399-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Two matters are before the court in these cases brought by pro se prisoner Tommie Carter. First, defendants have responded to the court's May 1, 2015 order directing them to investigate the status of medical records that plaintiff says he gave to prison staff. Second,

the parties have finished briefing what plaintiff calls a "motion for sanctions and investigation" in case no. 14-cv-399-bbc.

In the May 1 order, I stayed a decision on a portion of a March 2, 2015 motion for sanctions plaintiff filed because it was unclear whether prison staff were withholding medical records from plaintiff. In their response to the May 1 order, defendants say that they have been unable to locate the documents, but, as a solution to the problem, prison staff allowed plaintiff to review all of his medical records and request 20 copies free of charge. Accordingly, I am denying plaintiff's March 2, 2015 motion for sanctions as moot.

I note that, according to defendants' certificate of service, defendants sent their response to Waupun Correctional Institution rather than Green Bay Correctional Institution, where plaintiff is housed now. Therefore, I am directing defendants to re-serve their response at the correct address. If plaintiff has any remaining concerns about the way defendants handled this issue, he may file a new motion.

In plaintiff's "motion for sanctions and investigation," plaintiff complains about numerous issues, most of them relating to alleged refusals by prison staff (not defendants) to comply with records requests. In addition, plaintiff says that prison staff have denied requests to notarize documents, requests to allow plaintiff to use the law library and requests to review his medical records. Defendants deny that staff did any of these things and plaintiff did not file a reply brief, even though defendants' certificate of service states that they mailed their response to this motion to the correct prison. Even if I did not consider defendants' response, I would deny plaintiff's motion.

With respect to plaintiff's record requests, I informed plaintiff in the May 1 order that, if he wishes to seek assistance from the court in obtaining documents from nonparties, he must request a subpoena under Fed. R. Civ. P. 45, explaining why he needs the information he is seeking. Because plaintiff has not filed a subpoena and he has not explained how any of the records he wants are relevant to his claims, I am denying this part of his motion.

With respect to plaintiff's request for a notary, he does not explain why he needs one. Under 28 U.S.C. § 1746, declarations do not need to be notarized, so long as the litigant follows the instructions in the statute. In any event, plaintiff does not identify any particular document that he was unable to file in this case because it was not notarized, so I am denying this aspect of the motion as well.

Plaintiff's allegations about time in the library records have a similar problem. In particular, he does not identify any documents he was unable to file in this case because he did not have adequate time to conduct research in the law library.

Finally, plaintiff's concerns about his medical records may be moot now that prison staff have allowed plaintiff to review those records and make copies. In any event, like his other allegations, plaintiff's allegations about an inability to review medical records are too vague to justify any assistance from the court. Again, plaintiff does not explain how any limitations on his review of medical records has harmed him in litigating this case. Accordingly, I am denying plaintiff's "motion for sanctions and investigation" in full.

ORDER

IT IS ORDERED that

1. Plaintiff Tommie Carter's March 2, 2015 motion for sanctions, dkt. #29 (in case no. 13-cv-742-bbc) and dkt. #33 (in case no. 14-cv-399-bbc), is DENIED as moot. If plaintiff has any remaining objections to defendants' conduct regarding this issue, he may file a new motion after defendants re-serve plaintiff with their response to the court's May 1, 2015 order.

2. Plaintiff's "motion for sanctions and investigation," dkt. #51 (in case no. 14-cv-399-bbc), is DENIED.

Entered this 11th day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge