IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                                                                              OPINION and ORDER

                Plaintiff,

                                                                              13-cv-742-bbc

       v.

JOLINDA J. WATERMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                                                                              OPINION and ORDER

                Plaintiff,

                                                                              14-cv-399-bbc

      v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Tommie Carter is proceeding in these cases on claims that prison officials used excessive force against him on February 27, 2013 (case no. 14-cv-399-bbc) and failed to provide medical care for his chest pain (case no. 13-cv-742-bbc). Over the last few

1

weeks, plaintiff has continued his pattern of filing various motions in which he alleges that prison officials are trying to interfere with his ability to litigate this case. In addition, he has filed a motion for my recusal, motions to compel discovery, motions for assistance in recruiting counsel and a motion for staying case no. 14-cv-399-bbc. Defendants have filed a motion to dismiss case no. 13-cv-742-bbc on the ground that plaintiff has fabricated evidence to support his claim. (Both sides have filed motions for summary judgment in both cases and plaintiff has filed motions related to the evidence for those motions, but I am not addressing any of those motions in this order.)

I am denying most of plaintiff's motions, with a few exceptions that are explained below. I am holding an evidentiary hearing on the parties' motions for sanctions because those motions cannot be resolved without making credibility determinations.

OPINION

A. Motions Related to Both Cases

1. Motion for recusal, dkt. #68 (in case no. 13-cv-742-bbc) and dkt. #92 (in case no. 14-cv-399-bbc)

Plaintiff requests my recusal in both cases on the ground that I have "joined in a combined conspiracy with defendants and their attorney against" plaintiff. In addition, he says that I have "a long professional and social relationship with defendants' attorneys" and that I have prejudged the case.

The standards governing a federal judge's recusal are set out in 28 U.S.C. § 144 and

§455. Section 144 requires a federal judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. Brokaw v. Mercer County, 235 F.3d 1000,1025 (7th Cir. 2000).

In deciding whether a judge must disqualify herself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. Hook v.McDade, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under §455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." Id.

Section §144 provides that when a party makes and files a timely and sufficient affidavit alleging that the judge has a personal bias or prejudice either against him or in favor of the adverse party, the judge should proceed no further and another judge should be assigned to the proceeding. The affidavit is to "state the facts and the reasons for the belief that bias or prejudice exists." The factual statements of the affidavit must support an assertion of actual bias. United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985). They must be definite as to times, places, persons and circumstances. Id. Only those facts that are "sufficiently definite and particular to convince a reasonable person that bias exists" need be credited. United States v. Boyd, 208 F.3d 638, 647 (7th Cir. 2000). "Simple

conclusions, opinion or rumors are insufficient." Id. The court must assume the truth of the factual assertions even if it "knows them to be false." Balistrieri, 779 F.2d at 1199.

Plaintiff has not filed an affidavit stating the facts and reasons for his belief that bias or prejudice exists. In fact, plaintiff has not supported his allegations with evidence of any kind. To the extent plaintiff believes that I am biased against him because I have denied some of his motions in these cases, adverse rulings are not a ground for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994); Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009). Accordingly, I am denying plaintiff's motion for recusal.

2. Motion for access to institutional file, dkt. #77 (case no. 13-cv-742-bbc); dkt. #110 (case no. 14-cv-399-bbc)

Although plaintiff says in this motion that he is seeking sanctions against defendants, he does not discuss any conduct by defendants, sanctionable or not. Instead, he says that various other prison officials have denied his request to see his "security files," which he says "contain investigation notes about these incidents with the defendants." Plaintiff does not deny defendants' allegation that he was allowed to review his institution file on July 23, 2015 and that prison rules allow prisoners to review institution files once every six months. If the prisoner needs to review his file more often than that he must submit a request to the warden, explaining his reasons for needing the file.

As I have told plaintiff in previous orders, e.g., dkt. #46 (in case no. 13-cv-742-bbc) and dkt. #62 (in case no. 14-cv-399-bbc), a court's authority over nonparties is limited.

Normally, if a party wishes to obtain documents from a nonparty he must request a subpoena under Fed. R. Civ. P. 45, which plaintiff has not done. Further, even if I assume that I have the authority to direct the warden to allow plaintiff to review his file, plaintiff does not explain why he failed to review the relevant documents on July 23, 2015. The rules regarding reviewing institution files are published, DAI Procedure #900.502.03, dkt. #80-1, so plaintiff should have known then the time limitations for reviewing his file.

That being said, defendants acknowledge that a prisoner is entitled to review his file more frequently if he needs to do so for pending litigation and defendants do not respond to plaintiff's allegation that the warden and other officials have refused plaintiff's repeated requests to review his file again so that he can collect evidence related to his cases. Accordingly, if plaintiff submits another request to the warden, he should (1) explain that he needs to review his file for a pending case; (2) identify the lawsuit to which his request relates; (3) explain why he believes information in his file is relevant to his case; and (4) include a copy of this order with his request; and (5) send a copy his request to defense counsel. If plaintiff does this, I ask that counsel take steps to insure that plaintiff is able to review his file again.

### B. Motions Related to Case No. 13-cv-742-bbc Only

1. September 14, 2015 motion to compel, dkt. #76

Plaintiff wants a copy of the curriculum vitae for defendant Jolinda Warerman and Ryan Holzmacher, who is an expert for defendant. Because defendants do not identify any

5

reason they failed to comply with these requests, I am granting this motion. However, I am denying plaintiff's request for discovery sanctions.

### C. Motions Related to Case No. 14-cv-399-bbc Only

1. August 13, 2015 motion to compel, dkt. #90

Plaintiff seeks to compel defendants to produce a letter that prisoner Leighton Lindsey wrote them regarding this case. According to plaintiff, Lindsey told him that the letter includes information that defendants can use to prevail. In their discovery response, defendants objected, both because the letter was irrelevant and because producing it would pose a security risk. However, in their brief, defendants' only objection is that the letter is irrelevant to plaintiff's claims, so I conclude that defendants have abandoned their security argument.

With respect to relevance, defendants say that the letter does not have any because they are not planning to call Lindsey as a witness. However, I am aware of no rule that a document is not subject to discovery unless the document's author plans to testify. Even if defendants do not call Lindsey as a witness, the letter could have information that defendants could use against plaintiff at trial. (Defendants do not argue that they are entitled to keep the contents of letter secret because they intend to use the letter for the sole purpose of impeachment, so I do not consider that issue.) Accordingly, I am directing defendants to produce the letter.

2. August 21, 2015 motion to compel discovery, dkt. #93

Plaintiff lists eight sets of documents that he wants defendants to produce, but he does not explain why he wants any of the documents and why he believes defendants' objections to producing them are unreasonable. Accordingly, I am denying this motion as unsupported.

3. August 21, 2015 motion to compel video evidence, dkt. #94

Plaintiff wants the video footage of a camera in the day room where the use of force occurred. Defendants do not deny that there is a video camera in that day room, but they object to providing a video because "no such video exists." Dkt. #99 at 1. That conclusory objection is not sufficient. Accordingly I am directing defendants to either produce the video plaintiff is requesting or provide a supplemental response that addresses the following questions: (1) whether there is a video camera in the room where the use of force occurred; (2) if so, whether the video was recording at the relevant time; (3) if so, what happened to that video; (4) if the video was lost, what efforts have been taken to find it; (5) what information defendants relied on to make each of these determinations; and (6) if the video is recovered, why defendants will not produce the video. If plaintiff is not satisfied with defendants' response, he will have to file a new motion to compel.

4. Motions for assistance in recruiting counsel, dkt. ##109 and 111

A pro se plaintiff is entitled to assistance in recruiting counsel if the complexity of the

case exceeds his ability to litigate. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiff says that he needs counsel because he believes he is mentally ill, he is transferred to different prisons frequently, the case is complex and he is not trained in the law. I have addressed all of these issues in previous orders, dkt. ##81 and 62, so it is unnecessary to do so again. Plaintiff has not provided any new information supporting the view that he is unable to represent himself. The many motions that he has filed show that he is more than capable of advocating for his rights and interests.

5. Motion to stay the case, dkt. #124

Plaintiff requests a stay of the case while a related criminal case is pending in state court. In an order dated September 23, 2015, I denied a similar motion filed by defendants on the ground that they did "not identify any specific conflicts between the civil and criminal cases and because the stay defendants request would be indefinite." Dkt. #112. Because plaintiff does not identify any new reasons for a stay, I am denying his request as well.

D. Sanctions Motions

Both sides have filed motions to sanction the other. First, defendants have asked the court to dismiss case no. 13-cv-742-bbc on the ground that plaintiff fabricated evidence to support his claim. Dkt. #83. In particular, defendants allege that plaintiff falsified health service requests after he filed this lawsuit to suggest that he had sought treatment for his

chest pain. In support of this allegation, defendants say that the requests are not part of plaintiff's medical file; the requests lack a date stamp from a nurse, which all requests should receive; the nurses who allegedly signed the requests deny that they did so; and one of the nurses was not at the prison on the day she allegedly signed the request.

Defendants' allegations are serious. A party who falsifies evidence could face dismissal of his case as a sanction, Hoskins v. Dart, 633 F.3d 541, 542-44 (7th Cir. 2011); Negrete v. National Railroad Passenger Corp., 547 F.3d 721, 722-24 (7th Cir. 2008); Allen v. Chicago Transit Authority, 317 F.3d 696, 703 (7th Cir.2003), or even referral to the United States Attorney for possible prosecution of perjury. Neal v. LaRiva, 765 F.3d 788, 790 (7th Cir. 2014); Rivera v. Drake, 767 F.3d 685, 687 (7th Cir. 2014). However, I cannot conclude as a matter of law from defendants' submissions that plaintiff has submitted fabricated evidence, so I will hold an evidentiary hearing on defendants' motion. Both sides should be prepared to produce any evidence they have to support their version of the facts on the question whether plaintiff falsified health service request forms to bolster his claim. In addition, in the event that I determine that a sanction is appropriate, the parties should be prepared to argue (with appropriate legal authority) what that sanction should be.

For his part, plaintiff filed two motions for sanctions, one that he filed in both cases on August 3, 2015, (dkt. #52 in case no. 13-cv-742-bbc and dkt. #80 in case no. 14-cv-399-bbc), and one that he filed in case no. 14-cv-399-bbc on October 5, 2015, dkt. #123. In these motions, plaintiff alleges that prison staff members have retaliated against him in various ways for filing these lawsuits and attempted to stop him from continuing with his

litigation. Plaintiff's allegations are disturbing, particularly with respect to his August 3 motion. For example, in paragraph 20 of that motion, plaintiff alleges the following:

> On July 23, 2015, a John Doe Lieutenant and several John Doe and Jane Doe officers call[ed] to plaintiff['s] cell and threaten[ed] to use the taser on him if he did not put his hands behind his back to be handcuff[ed]. Plaintiff complied. Plaintiff was transported to a room in the HSU area that he has never seen before and all of sudden Nurse Larson said, "Nigger do you want this to stop?" Plaintiff did not respond. Nurse Larson said to John Doe Lieutenant to fuck him real good. The plaintiff was raped in the presence of several female officers who made discriminatory comments and when the plaintiff scream[ed] for help, he was tased and sprayed with gas.

Plaintiff's motions are filled with similar allegations of physical violence, sexual violence, threats, racial slurs, defamatory statements and destruction of his legal property. According to plaintiff, staff have told him that the retaliation "is not going to stop until the plaintiff dismiss[es] his claims." Case no. 13-cv-742-bbc, dkt. #52 at 4.

If any of plaintiff's allegations are true, they show a shocking level of brutality and corruption in the Wisconsin Department of Corrections. On the other hand, if plaintiff's allegations are false, they are a serious abuse of the judicial process. For both of these reasons, plaintiff's allegations require a response from this court. Accordingly, I will consider plaintiff's allegations at the evidentiary hearing as well. Plaintiff should be prepared to provide any evidence he has to support his allegations in his August 3, 2015 motion and his October 5, 2015 motion, which may include his own testimony. If plaintiff shows that prison officials are retaliating against him in the ways that he describes, I will consider appropriate injunctive relief to protect plaintiff from further harm. However, if the evidence shows that plaintiff is fabricating his allegations, then I will consider appropriate sanctions,

including dismissal of both of his lawsuits pending in this court. Again, the parties should be prepared to argue what injunctive relief or sanction is appropriate, if any.

ORDER

IT IS ORDERED that

1. The following motions filed by plaintiff Tommie Carter are DENIED: motion for recusal, dkt. #68 (in case no. 13-cv-742-bbc) and dkt. #92 (in case no. 14-cv-399-bbc); motion for access to his institutional file, dkt. #77 (in case no. 13-cv-742-bbc) and dkt. #110 (in case no. 14-cv-399-bbc); August 21, 2015 motion to compel discovery, dkt. #93 (in case no. 14-cv-399-bbc); motions for assistance in recruiting counsel, dkt. ##109 and 111 (in case no. 14-cv-399-bbc); and motion to stay, dkt. #124 (in case no. 14-cv-399-bbc).

2. Plaintiff's September 14, 2015 motion to compel, dkt. #76 (in case no. 13-cv-742-bbc), is GRANTED. Defendant Jolinda Waterman may have until October 30, 2015, to produce a copy of her curriculum vitae as well as that of Ryan Holzmacher.

3. Plaintiff's August 13, 2015 motion to compel, dkt. #90 (in case no. 14-cv-399-bbc), is GRANTED. Defendants may have until October 30, 2015, to produce a copy of Leighton Lindsey's letter.

4. Plaintiff's August 21, 2015 motion to compel video evidence, dkt. #94 (in case no. 14-cv-399-bbc), is GRANTED IN PART. Defendants may have until October 30, 2015, to either produce the video plaintiff is requesting or provide a supplemental response that addresses the following questions: (1) whether there is a video camera in the room where the

use of force occurred; (2) if so, whether the video was recording at the relevant time; (3) if so, what happened to that video; (4) if the video was lost, what efforts have been taken to find it; (5) what information defendants relied on to make each of these determinations; and (6) if the video is recovered, why defendants will not produce the video.

5. With the respect to plaintiff's motions for sanctions, dkt. #52 (in case no. 13-cv-742-bbc) and dkt. ##80 and 123 (in case no. 14-cv-399-bbc), and defendants' motion for sanctions, dkt. #83 (in case no 13-cv-742-bbc), an evidentiary hearing will be held on November 6, 2015 at 9:00 a.m.

6. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff. Plaintiff should arrive no later than 8:30 a.m. on November 6.

Entered this 19th day of October, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge