IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                                                                       ORDER

                Plaintiff,

                                                    13-cv-742-bbc

     v.

JOLINDA J. WATERMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                                                           ORDER

                Plaintiff,

                                                   14-cv-399-bbc

     v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these prisoner civil rights actions, pro se plaintiff Tommie Carter is alleging that prison officials used excessive force against him and failed to provide him needed medical care, in violation of the Eighth Amendment. A hearing was scheduled for November 6, 2015

to resolve the parties' motions for sanctions. Defendant Jolinda Waterman alleged in her motion that plaintiff falsified evidence to support his position on summary judgment. Case no. 13-cv-742-bbc, dkt. #84. Plaintiff alleged in his motions that many prison officials are retaliating against him for filing these lawsuits by engaging in serious misconduct, such as physical and sexual assaults against him. Dkt. #52 (in case no. 13-cv-742-bbc) and dkt. ##80 and 123 (in case no. 13-cv-742-bbc).

I am postponing the hearing because the court has received a letter from defense counsel in which he reports that plaintiff has been hospitalized as a result of self harm. Dkt. #93. Although neither side has requested a new hearing date, it seems very unlikely that plaintiff will be healthy enough by tomorrow to travel to Madison and make his presentation to the court.

I will reschedule the hearing for next month, but this raises a concern that a similar event could happen again. In a submission to the court last week, plaintiff discussed the possibility that he would engage in "self-inflicted violence" because he was "stressed out" by the thought of the hearing. Case no. 14-cv-399-bbc, dkt. #143.

Unfortunately, plaintiff's cases cannot proceed further until the parties' sanctions motions are resolved. The allegations raised by both sides are very serious, so they cannot be set aside. Even if plaintiff withdrew his motions, I could not force defendant Waterman to withdraw her motion as well. Further, the motions cannot be decided without a hearing because the parties are disputing many facts, which means that the court must evaluate the credibility of the witnesses after viewing them in person and hearing their testimony.

2

Appointing counsel for plaintiff would not solve the problem because plaintiff still would have to appear in court, give testimony and be cross examined by defendants and having to do any of these things could cause him significant stress.

Although these cases cannot proceed without a hearing, it is not the court's intention to force any party to pursue claims that he no longer wishes to pursue. If plaintiff believes that his lawsuits are too stressful, he is free to withdraw them at any time. However, because these cases have proceeding for many months, I would not grant a voluntary motion to dismiss unless the dismissal was with prejudice, which means that plaintiff would not be able to refile the same lawsuits at a later date.

I will give plaintiff an opportunity to tell the court whether he wishes to proceed. If plaintiff does not respond, I will construe his silence as a request to dismiss both of his pending cases with prejudice and I will close the cases. In the meantime, I encourage plaintiff to refrain from engaging in any further acts of self harm and to work with mental health staff at the prison to find ways of coping with his stress.

ORDER

IT IS ORDERED that

1. The hearing scheduled in these cases for November 6, 2015, is rescheduled to Thursday, December 10, 2015 at 9:00 a.m.

2. Plaintiff Tommie Carter may have until November 20, 2015, to inform the court whether he wishes to proceed with the hearing or dismiss both of his cases with prejudice.

3

If plaintiff does not respond by November 20, 2015, I will construe plaintiff's silence as a motion to dismiss his cases with prejudice and I will dismiss both cases with prejudice.

Entered this 5th day of November, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge