IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                            Plaintiff,

    v.

JOLINDA J. WATERMAN,

                            Defendant.

ORDER

13-cv-742-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                            Plaintiff,

    v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                            Defendants.

ORDER

14-cv-399-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these prisoner civil rights actions, pro se plaintiff Tommie Carter is alleging that prison officials used excessive force against him and failed to provide him needed medical care, in violation of the Eighth Amendment. A hearing on the parties' cross-motions for

1

sanctions was scheduled for November 6, 2015, but I postponed the hearing until December 10, 2015, because plaintiff was hospitalized as a result of self harm that occurred shortly before the originally scheduled date. As requested by the court, plaintiff has filed a notice that he intends to proceed with both of his cases, so I have directed the clerk of court to issue a writ for plaintiff's attendance on December 10.

Also before the court are a request for a polygraph examination and a request for appointment of counsel. I am denying both requests.

Plaintiff says that he would like to submit to a polygraph test to prove that he did not fabricate evidence to support his claim in case no. 13-cv-742-bbc, as defendant Jolinda Waterman alleges in her motion for sanctions. However, "[t]here has long been a debate over the admissibility of polygraph testing results, particularly considering the concerns about the reliability of such testing." United States v. Dinga, 609 F.3d 904, 908 (7th Cir. 2010). Because polygraph tests have questionable reliability, they would provide little assistance in assessing the credibility of the parties. Further, even if I were to conclude that the results of a polygraph examination might be admissible under the circumstances of this case, I am not aware of any authority for a court to *order* such an examination, even if a party requests one. Rather than submitting to a polygraph test, plaintiff should focus on gathering whatever evidence he has to support his allegations and rebut defendant's motion for sanctions. For example, in his motion, plaintiff lists a number of reasons why he believes the court should deny defendants' motion for sanctions. Plaintiff is free to submit evidence related to those reasons at the December 10 hearing.

2

With respect to his request for counsel, plaintiff has not identified any reason that I have not already rejected when I considered his previous requests for counsel. As I stated in those previous orders, plaintiff has shown in the filings for both of his cases that he is more than capable of representing himself. Further, the issues to be resolved at the hearing are not particularly complex. The focus is on whether plaintiff's and defendants' allegations of misconduct are true. It is not necessary for plaintiff to have an understanding of complicated scientific or even legal issues. All he has to do is testify truthfully about his own experiences and explain why he believes that his motions for sanctions should be granted and defendants' motion should be denied.

One final matter requires attention. In his motion requesting counsel, plaintiff says that the court is "making fun" of him, though he does not explain why he believes this. I can assure plaintiff that I am taking both his and defendants' allegations very seriously, which is why I am holding a hearing to resolve the motions.

ORDER

IT IS ORDERED that plaintiff Tommie Carter's motion for a polygraph examination, dkt. #96 (in case no. 13-cv-742-bbc), and motion for assistance in recruiting counsel, dkt.

#98 (in case no. 13-cv-742-bbc) and dkt. #146 (in case no. 14-cv-399-bbc), are DENIED.

Entered this 23d day of November, 2015.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge